# Supreme Court of Florida

---

No. SC2025-1462

---

**IN RE: AMENDMENTS TO FLORIDA PROBATE RULES.**

June 18, 2026

PER CURIAM.

The Florida Bar's Probate Rules Committee has filed a report proposing amendments to Florida Probate Rules 5.025 (Adversary Proceedings), 5.122 (Curators), 5.200 (Petition for Administration), 5.320 (Oath of Personal Representative), and 5.470 (Ancillary Administration).[1] The Committee and the Court published the proposal for comment. One comment was filed with the Court, and the Committee filed a response.

Having considered the Committee's proposal, the comment, and the Committee's response, we amend the Florida Probate Rules as proposed by the Committee, with minor revisions. The more

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

significant amendments are discussed below.

First, we amend rule 5.122 to clarify that letters of curatorship must specify the powers being granted to the curator, and that a court may grant a curator authority to possess or control either all or part of the decedent's property. Next, we amend rules 5.200 and 5.320 to provide additional statutory references for definitions of key terms, namely sections 825.102 and 825.103, Florida Statutes. Grammatical changes are also made throughout the rules in compliance with the Guidelines. *See In re Guidelines for Rules Submissions*, Fla. Admin. Order No. AOSC22-78 (Fla. Oct. 24, 2022).

Accordingly, we amend the Florida Probate Rules as reflected in the appendix to this opinion. New language is underscored; deleted language is stricken-through. The amendments shall become effective October 1, 2026, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and LABARGA, COURIEL, GROSSHANS, FRANCIS, SASSO, and TANENBAUM, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Probate Rules

Michael A. Sneeringer, Chair, Probate Rules Committee, Bonita Springs, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Terrence T. Dariotis of Dariotis Law, Tallahassee, Florida,

Responding with comments

# APPENDIX

## RULE 5.025.   ADVERSARY PROCEEDINGS

**(a)-(c)**    [No Change]

**(d)   Notice and Procedure in Adversary Proceedings.**

(1)    [No Change]

(2)    After service of formal notice, the proceedings, as nearly as practicable, must be conducted similar<u>ly</u> to suits of a civil nature, including entry of defaults. The Florida Rules of Civil Procedure govern, except for rule 1.525.

(3)-(5)    [No Change]

### Committee Notes

The court on its initiative or on motion of any party may order any proceeding to be adversary or nonadversary or enter any order that will avoid undue delay. The personal representative would be an interested person in all adversary proceedings. A prescribed form for the caption is provided that will facilitate the clerk's and the court's ability to segregate such adversary proceeding from other adversary proceedings and from the main probate file:

|  |  |
|---|---|
|  | Court |
|  | Case # |

|  |  |
|---|---|
| | ) |
| In Re Estate of John B. Jones | ) |
| | ) |
| Julia Jones, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| Harold Jones, as Personal | ) |

Representative, et al.,      )
                                 )

Respondents.             )

---

**Rule History**

1975 Revision – 2024 Revision: [No Change]

2026 Revision: Grammatical amendment to subdivision (d)(2). Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

[No Change]

## RULE 5.122.   CURATORS

**(a)   Petition for Appointment.** The petition for appointment of a curator ~~shall~~must be verified and ~~shall~~must contain:

(1)-(7)      [No Change]

The Court may appoint a curator sua sponte.

**(b)   Appointment.** Before letters of curatorship are issued, the curator ~~shall~~must file a designation of resident agent and acceptance, and an oath, as is required for personal representatives under these rules. The court ~~shall~~must issue letters of curatorship that ~~shall entitle~~state the entitlement of the curator to possess or control all or part of the decedent's property, which the court may enforce through contempt proceedings.

**(c)   Notice.** Formal notice ~~shall~~must be given to the person apparently entitled to letters, if any. If it is likely that the decedent's property will be wasted, destroyed, or removed beyond the

jurisdiction of the court and if the appointment of a curator would be delayed by giving notice, the court may appoint a curator without notice.

**(d)** **Powers.** By order, the court may authorize the curator to perform any duty or function of a personal representative, including publication and service of notice to creditors, or if a will has been admitted, service of notice of administration. The order must state whether a curator is granted the authority by the court to address any demand filed under rules 5.240 and 5.241.

**(e)** **Inventory and Accounting.** The curator shallmust file an inventory within 30 days after issuance of letters of curatorship. When the personal representative is appointed, the curator shallmust account for and deliver all estate assets in the curator's possession to the personal representative within 30 days after issuance of letters of administration.

**(f)** [No Change]

**(g)** **Subject to Other Provisions.** Curators shall beare subject to the provisions of these rules and other applicable law concerning personal representatives.

## Committee Notes

This rule implements the procedure found in section 733.501, Florida Statutes, as amended in 1997 and 2001. The rule has been modified, in part, to reflect the addition of new rule 5.241 regarding notice to creditors. Because the fundamental concern of curatorship is protection of estate property, the procedure facilitates speed and flexibility while recognizing due process concerns. It is not intended that this rule change the effect of the statute from which it has been derived, but the rule has been reformatted to conform to the structure of these rules. Furthermore, the Committee does not intend to create a new procedure, except that subdivision (d) specifies certain acts that the court may authorize the curator to perform. This specificity of example, while not included in the statute, is not intended to limit the authorized acts to those specified in the rule. The appointment of a curator without notice is

tantamount to a temporary injunction. Thus, due process considerations suggest an expedited hearing to reconsider the appointment of a curator by any interested party who did not receive notice.

Practitioners should refer to the letters of curatorship to ensure that a curator has been granted the authority by the court to act in a specific capacity.

**Rule History**

1988 Revision - 2003 Revision: [No Change]

2026 Revision: Subdivision (d) amended to require that the order state whether a curator is granted the authority by the court to address any demand filed under rules 5.240 and 5.241. Committee notes revised.

**Statutory References**

§ 732.2211, Fla. Stat. Demands or disputes; statute of repose.

§ 733.402, Fla. Stat. Bond of fiduciary; when required; form.

§ 733.501, Fla. Stat. Curators.

**Rule Reference**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.240 Notice of administration.

Fla. Prob. R. 5.241 Notice to creditors.

**RULE 5.200.   PETITION FOR ADMINISTRATION**

The petition for administration ~~shall~~must be verified by the petitioner and ~~shall~~must contain:

**(a)-(j)**      [No Change]

**(k)**    a statement that the personal representative seeking appointment is qualified to serve under the laws of Florida as a business entity under section 733.305, Florida Statutes, or, if an individual, that the person is qualified to serve under the laws of Florida, including:

(1)    [No Change]

(2)    whether the person has been convicted in any state or foreign jurisdiction of abuse, neglect, or exploitation of an elderly person or a disabled adult, as those terms are defined in sections 825.101, 825.102, and 825.103, Florida Statutes;

(3)-(5)    [No Change]

## Committee Notes

### Rule History

1977 Revision-2021 Revision: [No Change]

2026 Revision. Statutory references in subdivision (k)(2) updated. Committee notes revised.

### Statutory References

§ 731.201(23), Fla. Stat. General definitions.

§ 731.301, Fla. Stat. Notice.

§ 732.522, Fla. Stat. Method and place of execution.

§ 732.526, Fla. Stat. Probate.

§ 733.202, Fla. Stat. Petition.

§ 733.301, Fla. Stat. Preference in appointment of personal representative.

§ 733.302, Fla. Stat. Who may be appointed personal representative.

§ 733.303, Fla. Stat. Persons not qualified.

§ 733.304, Fla. Stat. Nonresidents.

§ 733.305, Fla. Stat. Trust companies and other corporations and associations.

§ 825.101, Fla. Stat. Definitions.

§ 825.102, Fla. Stat. Abuse, aggravated abuse, and neglect of an elderly person or disabled adult; penalties.

§ 825.103, Fla. Stat. Exploitation of an elderly person or disabled adult; penalties.

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.201 Notice of petition for administration.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.


**RULE 5.320.   OATH OF PERSONAL REPRESENTATIVE**

Before the granting of letters of administration, the prospective personal representative must file an oath to faithfully administer the estate of the decedent.

**(a)**   [No Change]

**(b)** **Oath of Personal Representative; Individual.** For an individual, the oath must also contain a statement that the personal representative has reviewed the statutes relating to the requirements for appointment as personal representative, that the personal representative is qualified to serve, and that the personal representative has a continuing duty to file and serve a notice on the occurrence of an event that would disqualify the personal representative. If the petition is verified by the prospective personal representative individually, the oath may be incorporated in the petition or in the designation of resident agent. The oath for an individual must substantially comply with the following form:

[CAPTION]

OATH OF PERSONAL REPRESENTATIVE

STATE OF _____

COUNTY OF _____

I, _____, (affiant), state under oath that:

1. I am qualified within the provisions of sections 733.302, 733.303, and 733.304, Florida Statutes, to serve as personal representative of the estate of _____, deceased. I have reviewed the statutes and understand the qualifications. Under penalties of perjury, I certify that the following statements are true:

a. I am 18 years of age or older.

b. I have never been convicted of a felony.

c. I have never been convicted in any state or foreign jurisdiction of abuse, neglect, or exploitation of an elderly person or a disabled adult, as those terms are defined in sections 825.101, 825.102, and 825.103, Florida Statutes.

d. I am mentally and physically able to perform the duties of personal representative.

e. I am a resident of the State of Florida, or, if I am not a resident of the State of Florida, I am:

_____ a legally adopted child or adoptive parent of the decedent;

_____ related by lineal consanguinity to the decedent; a spouse or a brother, sister, uncle, aunt, nephew, or niece of the decedent, or someone related by lineal consanguinity to any such person; or

_____ the spouse of a person otherwise qualified under 1 of the provisions above.

2.	I will faithfully administer the estate of the decedent according to law.

3.	My place of residence is _____, and my post office address is _____.

4.	I will promptly file and serve a notice on all interested persons at any time I know that I would not be qualified for appointment and will include the reason I would not then be qualified and the date on which the disqualifying event occurred.

5.	I will file and serve a notice within 20 days on all interested persons, in the event there is a change in my residence address, street address, or mailing address.

_____
Affiant

Sworn to (or affirmed) and subscribed before me by means of _____ physical presence or _____ online notarization, this _____ day of _____, 20__, by _____ (name of person making statement).

_____
Signature of Notary
Public—State of Florida
(Print, Type, or Stamp
Commissioned Name of Notary
Public)

- 11 -

Personally Known _____ or Produced Identification _____
Type of Identification Produced _____

### Committee Notes

It is contemplated the oath may be signed concurrently with the petition for administration and will be valid even if it predates the order appointing the personal representative.

### Rule History

1977 Revision - 2024 Revision: [No Change]

2026 Revision: Subdivision (b) amended to correct statutory references. Committee notes revised.

### Statutory References

§ 733.302, Fla. Stat. Who may be appointed personal representative.

§ 733.303, Fla. Stat. Persons not qualified.

§ 733.304, Fla. Stat. Nonresidents.

§ 733.305, Fla. Stat. Trust companies and other corporations and associations.

§ 733.3101, Fla. Stat. Personal representative not qualified.

§ 825.101, Fla. Stat. Definitions.

§ 825.102, Fla. Stat. Abuse, aggravated abuse, and neglect of an elderly person or disabled adult; penalties.

§ 825.103, Fla. Stat. Exploitation of an elderly person or disabled adult; penalties.

### Rule References

Fla. Prob. R. 5.110 Address designation for personal representative or guardian; designation of resident agent and acceptance.

Fla. Prob. R. 5.235 Issuance of letters, bond.

## RULE 5.470.   ANCILLARY ADMINISTRATION

**(a)   Petition.** The contents of the petition for ancillary letters ~~shall~~must be as provided in rule 5.200. The petition ~~shall~~must be verified and ~~shall~~must include:

(1)   for a testate estate, an authenticated copy of so much of the domiciliary proceedings as will show the will, petition for ~~probate~~administration, order admitting the will to probate, and authority of the personal representative to act;

(2)-(3)   [No Change]

**(b)   Notice.** Before ancillary letters ~~shall~~will be issued to any person, formal notice ~~shall~~must be given to:

(1)-(2)   [No Change]

**(c)   Probate of Will.** On filing the authenticated copy of a will, the court ~~shall~~must determine whether the will complies with Florida law to entitle it to probate. If it does comply, the court ~~shall~~must admit the will to probate.

### Committee Notes

### Rule History

1975 Revision-2019 Revision: [No Change]

2026 Revision: Subdivision (a)(1) amended for consistency with subdivision (a)(2). Committee notes revised.

### Statutory References

[No Change]

### Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.065(b) Notice of civil action or ancillary administration.

Fla. Prob. R. 5.200 Petition for Administration.

Fla. Prob. R. 5.205(a)(2) Filing evidence of death.

Fla. Prob. R. 5.215 Authenticated copy of will.

Fla. Prob. R. 5.240 Notice of administration.

Fla. Prob. R. 5.241 Notice to creditors.

Fla. Prob. R. 5.475 Ancillary administration, short form.

Fed. R. Civ. P. 44(a) Proving an official record.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.